SAVOY, Judge.
This is a workmen’s compensation suit instituted by plaintiff against the insurance carrier of his employer and his employer. For a cause of action plaintiff alleged that while in the course and scope of his employment on January 16, 1968, he suffered physical injuries while prying up a tractor. As a result of straining while attempting to lift the tractor, he suffered a right inguinal hernia and a strain of the right testicle and cord. Defendant insurer made compensation payments for 47 weeks in the sum of $1,645.00, but that despite amicable demands no further payments have been made. Plaintiff prayed for maximum compensation under the compensation act at the maximum weekly rate together with penalties and attorney fees. Defendant admitted coverage, but denied the remaining allegations contained in plaintiff’s petition. Alternatively, defendants pray that if plaintiff is entitled to any additional compensation, they be given credit for compensation payments made.
It was stipulated that defendant insurer had paid $2,401.02 medical expenses.
After a trial the district judge held that plaintiff was not entitled to additional compensation. Plaintiff has appealed.
We agree with the trial judge that plaintiff was injured while in the course and scope of employment. We next consider whether plaintiff is entitled to additional benefits.
Plaintiff was seen by Drs. Bearden, An-celet, Frederick and Emmett.
Dr. Harlie Bearden: Dr. Bearden testified that he first saw plaintiff on January 18, 1968. After making a physical examination of plaintiff, the doctor felt that he had a right inguinal hernia and epididy-mitis (infection or inflammation in the cord or testicle) which had been caused by a strain. Dr Bearden performed surgery on plaintiff on February 12, 1968, and did a right inguinal repair. He discharged plaintiff on February 16, 1968, and removed his sutures on February 19, 1968. Plaintiff returned to the doctor’s office on February 24th, and Dr. Bearden found plaintiff suffering from an apparent re-infection in the right cord and testicle. Plaintiff made periodic visits in March and April, 1968, and on April 11, 1968, he was discharged. Plaintiff made an additional visit on May 10, 1968, at which time he was complaining of pain in his right thigh and right knee.
Dr. Lester A. Ancelet: Dr. Ancelet is a general surgeon practicing medicine in Jennings, Louisiana. He first examined plaintiff May 20, 1968. He stated that *262 plaintiff was complaining of pain in the external ring. He felt that the pain was due to pressure on the cord. He decided on sending plaintiff to Dr. Charles O. Frederick specializing in urology at Lake Charles, Louisiana, for consultation. Dr. Ancelet stated that Dr. Frederick contacted him and suggested that an attempt should be made to release the cord. Surgery was performed on plaintiff on June 5, 1968. An incision was performed and was made over the prior incision and carried to the cord, and it was released in its entirety. The hernia sight was in good repair. Plaintiff continued to complain of vague pain in the area of the operation. The doctor again consulted with Dr. Frederick. On July 23, 1968, he performed a second operation on plaintiff removing his right testicle. He continued to see plaintiff who complained of pain in the area of the hernia repair. He concluded that the complaints were related to the original hernia operation. On cross-examination Dr. Ancelet testified he discharged plaintiff on October 9, 1968, as being able to return to work.
Dr. Charles O. Frederick: Dr. Frederick is a urologist. He testified by means of depositions. He first examined plaintiff on May 28, 1968. He found that a right inquinal hernia incision was well healed. The right testicle appeared normal. The epididymis was slightly tender as was the right spermatic cord. Dr. Frederick recommended hot sitz baths twice a day and limitation of physical activities for a month. He saw plaintiff again on July 22, 1968. He recommended surgical removal of the epididymis. On cross-examination he said he recommended orchidectomy (removal of a testicle) as a last resort; that the removal of a testicle would not disable a man from returning to hard manual labor.
Dr. Robert O. Emmett: Dr. Emmett is a general surgeon residing in Lake Charles, Louisiana. He examined plaintiff on behalf of defendant on November 27, 1968. He could find nothing wrong with plaintiff except that he was overweight.
Dr. Andrew Ranier, a pathologist of Lake Charles, Louisiana, examined the testicle after it was removed and found it to be normal.
After examining the record in this case, we agree with the district judge that since defendant insurer had paid plaintiff compensation until November, 1968, no further compensation payments are due him. Dr. Ancelet, plaintiff’s physician, discharged him on October 9, 1968, as being able to return to work.
For the reasons assigned, the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.